**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**ALBERT ROJAS,**

                  **Plaintiff,**         **25-cv-4684 (JGK)**

      **- against -**           **MEMORANDUM OPINION**
                                     **AND ORDER**

**NUVEM HEALTH LLC,**

                  **Defendant.**
_____

**JOHN G. KOELTL, District Judge:**

    On June 4, 2025, the plaintiff, Albert Rojas, filed this complaint against Nuvem Health LLC ("Nuvem Health"), alleging causes of action under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1833(b); the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. §1514A; the Dodd-Frank Act, 15 U.S.C. §78u-6(h)(1)(a); the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1996; Section 740 of the New York Labor Law ("Section 740"), N.Y. Lab. Law § 740; New York contract law; and the First Amendment to the United States Constitution. ECF No. 1.

    The defendant has moved to dismiss the plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). For the reasons stated below, the defendant's motion is **granted.**

I.

Unless otherwise indicated, the following facts are taken from the complaint and are accepted as true for the purposes of deciding this motion.[1]

The plaintiff alleges that he was terminated by his employer, the defendant Nuvem Health, in October 2023 and that he subsequently entered into a confidential settlement agreement with the defendant in January 2025. See Complaint ("Compl.") ¶¶ 10, 11, ECF No. 1. The complaint alleges retaliation claims under various federal statutes, the New York Labor Law, and the First Amendment to the United States Constitution. Id. ¶¶ 15-26, 30-31. The complaint also asserts a breach of contract claim. Id. ¶¶ 27-29. The complaint is a bare bones recitation of the various claims. See id. ¶¶ 15-31.

The plaintiff attempted to effectuate service on the defendant by certified mail on June 5, 2025. See Declaration of Service by Mail ("Decl.") ¶ 2, ECF No. 8; Proof of Service by Certified Mail 1, 3, ECF No. 9. The summons and complaint were directed to "Nuvem Health LLC c/o Michael Goettig, Partner," at the offices of the law firm Davis Wright Tremaine LLP. See Decl. ¶ 2.

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

The defendant moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(4)[2] and 12(b)(5) for insufficient process and insufficient service of process. The defendant also moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. See Notice of Mot., ECF No. 57.

## II.

### A.

Federal Rule of Civil Procedure 12(b)(5) provides for the dismissal of a complaint for insufficient service of process. When a defendant moves to dismiss on this ground, "the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010). "Moreover, materials outside the pleadings may be considered without converting a motion to dismiss for insufficient service of process, under Rule 12(b)(5), into a motion for summary judgment." Nesbeth v. N.Y.C. Mgmt. LLC, No. 17-cv-8650, 2019 WL 110953, at *4 (S.D.N.Y. Jan. 4, 2019).

Rule 4(h) governs service on a corporation. Rule 4(h)(1) provides that a corporation must be served:

---

[2] The defendant also moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) on the ground that the Court may not exercise personal jurisdiction until a defendant has been properly served. See Mem. of Law in Supp. of Mot. to Dismiss ("Br.") 15, ECF No. 58. The defendant makes no other arguments in support of its Rule 12(b)(2) motion. See id. at 15-16.

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1), in turn, provides that service may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Under the New York Civil Practice Law and Rules ("CPLR"), a corporation can be served by delivering the summons to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. 311-a.

**B.**

The plaintiff has failed to effectuate proper service under either the Federal Rules or the CPLR. The plaintiff argues that he properly effectuated service on the defendant by certified mail. See Mem. of Law in Opposition to Defs. Mot. to Dismiss ("Opp.") 4, ECF No. 66. The plaintiff has submitted evidence that he served a copy of the summons and complaint by certified mail addressed to "Nuvem Health LLC, c/o Michael Goettig, Partner," at the corporate address of the law firm Davis Wright

4

Tremaine LLP. Decl. ¶ 2. However, certified mail is not a valid method of service on a corporation or an LLC under the CPLR. Bass v. Pershing, 25-cv-2478, 2025 WL 1224221, at *2 (S.D.N.Y. Apr. 24, 2025); Miller v. 21st Century Fox Am., Inc., 116 N.Y.S.3d 567, 567 (App. Div. 2020).

New York law allows, as an alternative to the methods of service authorized by CPLR § 311-a, service to a person or entity "by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this subsection, with a return envelope, postage prepaid, addressed to the sender." N.Y. C.P.L.R. § 312-a. However, the plaintiff does not assert anywhere that he complied with this set of requirements. Instead, he specifically and repeatedly states that he attempted service solely through certified mail, rather than first class mail. Decl. ¶ 2; Proof of Service by Certified Mail 1; Affirmation of Compliance 1, ECF No. 49. Accordingly, the plaintiff's attempted service was ineffective under New York law. See Obot v. Navient Sols., Inc., 726 F. App'x 47, 48 (2d Cir. 2018) (summary order).

The plaintiff has also failed to effectuate proper service pursuant to the Federal Rules of Civil Procedure. Rule 4(h)(1)(B) provides that a corporation may be served by

"delivering a copy of the summons and of the complaint to an officer . . . or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B) (emphasis added). However, "nothing in Rule 4(h)(1)(B) provides that service by certified mail constitutes adequate service of process." Saregama India, Ltd. v. Mosley, No. 11-mc-84, 2012 WL 955520, at *2 (S.D.N.Y. Mar. 20, 2012). Because the plaintiff attempted to serve the defendant by certified mail, rather than by personal delivery, the service is insufficient under Rule 4(h)(1)(B). See e.g., Jordan v. Forfeiture Support Assocs. 928 F. Supp. 2d 588, 595-96 (E.D.N.Y. 2013) (holding the plaintiff's attempt to serve a corporation by certified mail was insufficient under Rule 4(h)(1)(B)); Amnay v. Del Labs, 117 F. Supp. 2d 283, 286-87 (E.D.N.Y. 2000) (holding that Rule 4(h) does not authorize service on corporations by mail).

The plaintiff's attempt at service was also ineffective because he failed to deliver the summons and complaint to a person authorized to receive service, as required under both the Federal Rules and the CPLR. See Fed. R. Civ. P. 4(h)(1)(B) (service must be made to "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."(emphasis added)); N.Y. C.P.L.R. § 311-a (service must be made to "an officer, director, managing or general agent, or cashier or assistant cashier or to any

6

other agent <u>authorized by appointment or by law to receive
service</u>" (emphasis added)).

    In this case, the plaintiff directed service to Michael
Goettig, a partner at the law firm Davis Wright Tremaine LLP.
<u>See</u> Decl. ¶ 2. The plaintiff contends that Mr. Goettig is the
"[d]efendant's counsel of record." Opp. 4. However, the
plaintiff has not submitted any evidence that Mr. Goettig was
authorized to accept service on behalf of the defendant.
Instead, it appears that Mr. Goettig was merely the attorney who
represented the defendant during settlement negotiations
following the plaintiff's termination. <u>See</u> Reply Mem. of Law in
Support of Mot. ("Reply") 8, ECF No. 140. "[S]ervice of process
on an attorney not authorized to accept service for his client
is ineffective." <u>Santos v. State Farm Fire & Cas. Co.</u>, 902 F.2d
1092, 1094 (2d Cir. 1990). Therefore, the plaintiff has not met
his burden to prove that he effectuated sufficient service of
process on the defendant. <u>See</u> <u>Oyewole v. Ora</u>, 291 F. Supp. 3d
422, 430 (S.D.N.Y. 2018), <u>aff'd</u>, 776 F. App'x 42 (2d Cir. 2019)
(summary order).

    Because the plaintiff has failed to effectuate proper
service, the defendant's motion to dismiss pursuant to Federal
Rule of Civil Procedure 12(b)(5) is **granted** and the complaint is
**dismissed without prejudice**. <u>See</u> <u>In re S. Afr. Apartheid Litig.</u>,
643 F. Supp. 2d 423, 431 (S.D.N.Y. 2009) ("Absent perfected

service, a court lacks jurisdiction to dismiss an action with prejudice.").[3]

### III.

### A.

The complaint must also be dismissed because it fails to state a claim. In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2008). The Court's function is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

---

[3] The defendant also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(4) for insufficient process. See Br. 15. However, because the plaintiffs' claims must be dismissed for insufficient service of process under Rule 12(b)(5), it is not necessary to address the defendants' arguments for dismissal pursuant to Rule 12(b)(4).

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Yajaira Bezares C. v. The Donna Karan Co. Store LLC, No. 13-cv-8560, 2014 WL 2134600, at *1 (S.D.N.Y. May 22, 2014).

**B.**

As an initial matter, the plaintiff's response to the defendant's motion is supported by allegations that do not appear anywhere in the complaint, as well as by legal citations that either do not exist or do not support the propositions for which they are cited. Reply 4. "When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiff's . . . complaint." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993). Even with the liberal standards applicable to pro se litigants, the plaintiff cannot amend his complaint by asserting new allegations for the first time in an opposition to a motion to dismiss. See Naprstek v. Marriott Int'l, No. 21-cv-

9

8560, 2024 WL 113804, at *7 (S.D.N.Y. Jan. 10, 2024) (holding that any new facts or theories asserted in briefing, but not contained in the complaint, should not be considered by the court in resolving a motion to dismiss).

Each of the plaintiff's claims, as actually contained in the complaint, is a threadbare recitation of the relevant cause of action without explanation as to how each of the claims is supported by sufficient facts to support an inference that the plaintiff is entitled to relief. See Compl. ¶¶ 15-31. "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Because the complaint fails to state a claim, the defendant's motion pursuant to Rule 12(b)(6) is also **granted** and the complaint is **dismissed without prejudice.**

* * *

Finally, the Court notes the plaintiff's many unauthorized filings on the docket. After the defendant's motion was fully briefed, the plaintiff continued to file papers, despite being explicitly warned not to do so by Magistrate Judge Willis on July 31, 2025. See Order ¶ 2, ECF No. 81. The plaintiff followed a similar tactic in another case in this district before Judge Furman, and those filings were stricken. See Order, Rojas v.

10

MPHASIS Corp., No. 25-cv-5916, ECF No. 35 (S.D.N.Y. July 31, 2025). All subsequent filings in this case following Magistrate Judge Willis's instruction are therefore **stricken** as unauthorized.[4]

CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the arguments are moot or without merit. For the foregoing reasons, the defendant's motion to dismiss the plaintiff's complaint is **granted**, and the action is **dismissed without prejudice.**

The Clerk is respectfully requested to enter judgment dismissing this case without prejudice. The Clerk is also directed to close this case and to close all pending motions.


SO ORDERED.
Dated:    New York, New York
          November 12, 2025

_____
        John G. Koeltl
United States District Judge

---

[4] Specifically, the following 50 filings are stricken as unauthorized: ECF Nos. 97, 98, 99, 100, 101, 102, 103, 104, 106, 107, 108, 109, 110, 111, 112, 113, 115, 116, 117, 118, 120, 123, 124, 125, 126, 127, 128, 129, 131, 132, 133, 134, 135, 137, 138, 139, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155.